UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                        :
ANDRES CARRILLO *et al.*,                              :
                                                                       :
                      Plaintiffs,              :
                                                                        :     19 Civ. 1365 (JPC)
           -v-                                   :
                                                                        :     <u>ORDER</u>
MONSTER CONSTRUCTION LLC                 :
(D/B/A MONSTER CONSTRUCTION) *et al.*,   :
                                                                        :
                      Defendants.            :
                                                                        :
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

      A hearing is scheduled on Plaintiff's motion for default judgment, Dkts. 199-200, 204, 214, on March 29, 2022, at 11:00 a.m. Dkt. 215. Federal Rule of Civil Procedure 4(c)(1) provides that "[a] summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Moreover, it is well established that "[t]he procedural requirement of effective service of process must be satisfied before a Court can assert personal jurisdiction over a defendant." *Local 78, Asbestos, Lead & Hazardous Waste Laborers, AFL-CIO v. Termon Constr. Inc.*, No. 01 Civ. 5589 (JGK), 2003 WL 22052872, at *3 (S.D.N.Y. Sept. 2, 2003). "[A]ctual notice of the action will not, in itself, cure an otherwise defective service." *Russ Berrie & Co., Inc. v. T.L. Toys (HK) Ltd.*, No. 01 Civ. 4715 (LMM), 2002 WL 31458232, at *2 (S.D.N.Y. Nov. 4, 2002) (internal quotation marks omitted). Accordingly, "[a] court may not enter default judgment unless it has jurisdiction over the person of the party against whom the judgment is sought, which also means that he must have been effectively served with process." *Trs. of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt. Coop., Pension and Welfare Funds v. R. Baker & Son All Indus. Servs., Inc.*, No. 13 Civ. 4590 (JS) (GRB), 2014

WL 6606402, at *2 (E.D.N.Y. Aug. 4, 2014) (internal quotation marks omitted), *report and recommendation adopted by* 2014 WL 4536911 (E.D.N.Y. Sept. 11, 2014); *see also S. Bay Sailing Ctr., Inc. v. Standard Fire Ins. Co.*, No. 15 Civ. 6183 (JMA) (SIL), 2017 WL 913625, at *8 (E.D.N.Y. Jan. 17, 2019) (recommending that the motion for default judgment be denied and the Clerk's Certificate of Default be vacated because, "due to improper service, personal jurisdiction was lacking at the time the Clerk's Certificate of Default was issued, and it is therefore invalid").

The docket reflects that Defendant Ronald E. Duarte-Lopez was served with the First Amended Complaint on November 3, 2020, at 9:50 a.m., Dkt. 133, and that Defendant Saul Sosa was served with the First Amended Complaint on November 5, 2020, at 2:46 p.m., Dkt. 137. The docket, however, does not reflect that either Duarte-Lopez or Sosa was served with the summons as required under Rule 4(c)(1) or that a summons was even requested and issued as to either of these Defendants. Accordingly, it is hereby ORDERED that, by March 18, 2022, Plaintiffs shall advise the Court as to whether they still intend to seek judgment of default against Duarte-Lopez and Sosa. If Plaintiffs do intend to seek default judgment against Duarte-Lopez and Sosa, Plaintiffs shall advise the Court on whether Duarte-Lopez and Sosa have been served with a summons in this case and, if not, whether they request an extension of the deadline under Federal Rule of Civil Procedure 4(m) to serve the summons and Amended Complaint on Duarte-Lopez and Sosa. If Plaintiffs do not intend to seek default judgment against Duarte-Lopez and Sosa, Plaintiffs should advise the Court on whether they intend to dismiss the claims against these Defendants. Plaintiffs shall also advise the Court as to whether they request adjournment of the March 29, 2022 default judgment hearing.

SO ORDERED.

Dated: March 14, 2022
New York, New York

_____
JOHN P. CRONAN
United States District Judge