# CSM LEGAL, P.C.
Employment and Litigation Attorneys

| | |
|---|---|
| 60 East 42nd Street, Suite 4510 | Telephone: (212) 317-1200 |
| New York, New York 10165 | Facsimile: (212) 317-1620 |

March 18, 2022

BY ECF
Honorable John P. Cronan
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re:    Carrillo et al v. Kay Waterproofing Corp. et al;
                1:19-cv-01365-JPC-SLC

Your Honor:

      This firm represents Plaintiffs in the above-referenced matter. We write pursuant to Your Honor's Order to inform the Court that Plaintiffs intend to continue to seek a default judgement against Monster Construction LLC (D/B/A Monster Construction), Galicia Contracting and Restoration Corp. A.K.A. Galicia Contracting Corp. (D/B/A Galicia Contracting and Restoration), Saul Sosa, Ronald E. Duarte-Lopez, and Eric Hermosillo.

      We also respectfully request that the Court grant Plaintiffs leave to serve said Defendants beyond 90 days after the amended complaint was filed, pursuant to Fed. R. Civ. P. 4(m).

      Under Fed. R. Civ. P. 4(m), "if the plaintiff shows good cause for the failure [to serve a defendant within 90 days], the court must extend the time for service for an appropriate period." "In determining whether a plaintiff has shown good cause, courts weigh the plaintiff's reasonable efforts and diligence against the prejudice to the defendant resulting from the delay." Spiteri v. Russo, 12 CV 2780 (MKB), 2012 U.S. Dist. LEXIS 159108, *7, 2012 WL 5422180 (E.D.N.Y. Nov. 6, 2012) (quoting Torres v. Carry, 800 F. Supp. 2d 577, 585 (S.D.N.Y. 2011)). "A district court may also extend the period in the absence of good cause. Id.

      Here, Plaintiffs served the amended complaint on Defendants Monster Construction LLC, Galicia Contracting and Restoration Corp., Ronald E. Duarte-Lopez, and Eric Hermosillo on November 3, 2020, and Defendant Saul Sosa on November 5, 2020. Unfortunately, due to office error, the papers served on Defendants did not contain the required summonses. As this error has recently come to our attention, we respectfully request leave to serve Defendants the summons and the amended complaint beyond 90 days after the amended complaint was filed, as Ordered by this Court.

      Plaintiffs have made reasonable and diligent efforts to correct this error since its discovery. If Plaintiffs are given leave to refile the summons and amended complaint, the complaint would not be barred by the statute of limitations. Additionally, Defendants have actual notice of the claims because Defendants were served the amended complaint on November 3, 2020 and November 5,2020. Since Defendants have been put on notice of the complaints against them, albeit without the proper summons, Defendants will not be prejudiced. Since the complaint would not be barred by the statute of limitations if granted and Defendants have been put on notice, granting the extension would not be curing an otherwise fatal mistake. "Defendant inherently suffers some level of prejudice when an otherwise fatal deadline is extended for a plaintiff. *Ting Qiu Qiu v Shanghai Cuisine, Inc*., 2021 US Dist LEXIS 9633 *17 [SDNY Jan. 19, 2021]

      Plaintiffs respectfully request that this Court grant Plaintiffs additional time to serve Defendants Monster Construction LLC (D/B/A Monster Construction), Galicia Contracting and Restoration Corp. A.K.A. Galicia Contracting Corp. (D/B/A Galicia Contracting and Restoration), Saul Sosa, Ronald E. Duarte-Lopez, and Eric Hermosillo the summons and amended complaint. While Plaintiffs' counsel was neglectful in serving Defendants the complaint without the required summons, Plaintiff can still obtain proper service over Defendants if the Court permits. And if the Court does permit, Defendants will not be prejudiced. As such, Plaintiffs respectfully request the Court grant their motion.

      Thank you for your attention.

Respectfully submitted,

By: */s/ Catalina Sojo*
Catalina Sojo, Esq.

Plaintiffs' request for extension of time to serve the Defendants with the Amended Complaint and summons under Federal Rule of Civil Procedure 4(m) is granted.  Plaintiffs shall serve and file proof of service of process on Defendants by April 22, 2022.  Plaintiffs' pending motion for default judgment, Dkts. 199-200, 204, 214, is denied without prejudice and the hearing on Plaintiffs' motion for default judgment scheduled for March 29, 2022, at 11:00 a.m., Dkt. 215, is adjourned *sine die*.

It is further ordered that the Clerk's Certificate of Default entered against Defendants, Dkts. 154-159, is vacated. In the event Defendants fail to respond to the Amended Complaint or appear in this action within the deadline to do so under the Federal Rules of Civil Procedure, Plaintiffs may request issuance of new Clerk's Certificates of Default against Defendants and renew its request to move for default judgment against Defendants.

It is further ordered that Plaintiffs shall serve Defendants via overnight courier with a copy of this order and file proof of service on the docket by March 24, 2022.

The Clerk of Court is respectfully directed to close the motions pending on Dockets 199 and 230.

SO ORDERED,

Date:   March 22, 2022
         New York, New York

JOHN P. CRONAN
United States District Judge