UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                          :
ANDRES CARRILLO *et al.*,                                  :
                                                          :
                                Plaintiffs,                :
                                                          :          19 Civ. 1365 (JPC)
                -v-                                        :
                                                          :          ORDER
MONSTER CONSTRUCTION LLC *et al.*,                         :
                                                          :
                                Defendants.                :
                                                          :
------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

On August 17, 2023, Plaintiffs moved for default judgment against the last remaining Defendant in this case, Ronald Duarte-Lopez, providing affidavits and exhibits in support of their proposed damages award.  Dkts. 331-333.  A default judgment hearing is scheduled for September 7, 2023, at 2:30 p.m.  Plaintiffs maintain that their submission is "sufficient on its own to obviate the need for a hearing" on damages and to prove their entitlement to $113,450.89 in damages (which includes $10,879.69 in compensatory damages; $10,879.69 in liquidated damages; $30,250.00 in statutory damages for violations of New York Labor Law section 195(1); and $40,000.00 in statutory damages for violations of New York Labor Law section 195(3)), as well as $23,360.70 in attorneys' fees and costs.  Dkt. 332 ("Bodo Declaration") ¶ 58; *see also* Dkt. 333 ("Proposed Default Judgment").  The Court requires further explanation on a few issues.

First, although Plaintiffs appear to seek damages on behalf of Edson Abel Meza Alvarez ("Meza") in their default judgment motion, they have not provided a supporting declaration from him nor does counsel's declaration set forth any details of Meza's employment for Duarte-Lopez.  *See* Bodo Declaration ¶¶ 70, 78, 92, 103, 113 (detailing Meza's damages claims); *id.*, Exh. L ("Spreadsheet"); Dkt. 126 ("Am. Compl.") ¶¶ 38-55 (allegations supporting Meza's claims for

unpaid overtime wages and unpaid wages). As a result, the Court cannot ascertain with reasonable certainty the amount of damages to which Meza is entitled. *See Credit Lyonnais Securities (USA), Inc v. Alcantara*, 183 F.3d 151, 154 (2d Cir. 1999) ("Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true."). If they are in fact seeking damages on Meza's behalf, Plaintiffs should further address the potential discrepancy between their Damages Calculation Spreadsheet and their Complaint as to Meza's "credited weekly pay." *Compare* Spreadsheet (listing Meza's "credited weekly pay" as $1,200) *with* Am. Compl. ¶ 8 ("Defendants paid Plaintiff Meza a fixed salary of $950 per week.").

Second, in detailing their methods for calculating damages, Plaintiffs explain that "the 'regular rate of pay' for each period is determined by [taking] the amount actually paid each week to Plaintiffs (the "Credited Weekly Pay") for each period, then dividing that amount by the "Hours Per Week in Period." Bodo Declaration ¶ 60. Yet that formula seems to apply only to the calculations for Plaintiffs Salas, Chuqui, Lucero, Prempeh-Mann, and Cordova—and not to those for Plaintiffs Carillo, Diaz, and Meza.

For example, Salas's "regular rate of pay" of $25/hour equals his "Credited Weekly Pay" of $1,175.00 divided by his "Hours Per Week in Period" figure of 47 hours. But Carillo's recorded "regular rate of pay" of $15/hour does *not* equal his "Credited Weekly Pay" of $600 divided by his "Hours Per Week in Period" figure of 44 hours. The Court recognizes that Salas reported an *hourly* pay rate (as did Chuqui, Lucero, Prempeh-Mann, and Cordova), whereas Carillo reported a *weekly* flat rate (as did Diaz and Meza). *See* Bodo Declaration, Exhs. E-K. If that distinction explains the apparent inconsistency in methodology for these two groups of Plaintiffs, Plaintiffs should offer an explanation for why, along with any pertinent legal authority.

Next, Plaintiffs allege that Duarte-Lopez failed to provide wage notices as required by New York Labor Law section 195(1) and failed to provide wage statements as required by New York Labor Law section 195(3), and seek statutory damages as a result. Courts in this District have determined that a failure to provide such wage-related information, without more, is insufficient to allege an injury-in-fact to create standing in federal court. *See, e.g.*, *Neor v. Acacia Network, Inc.*, No. 22 Civ. 4814 (ER), 2023 WL 1797267, at *4 (S.D.N.Y. Feb. 7, 2023); *Shi v. TL & CG Inc.*, No. 19 Civ. 8502 (SN), 2022 WL 2669156, at *8-9 (S.D.N.Y. July 11, 2022); *Ramirez v. Sake II Japanese Rest., Inc.*, No. 20 Civ. 9907 (JLR) (BCM), 2023 WL 3354881, at *9 (S.D.N.Y. Apr. 24, 2023) *report and recommendation adopted by* 2023 WL 3346768 (S.D.N.Y. May 10, 2023); *see also Francisco v. NY Tex Care, Inc.*, No. 19 Civ. 1649 (PKC) (ST), 2022 WL 900603, at *7 (E.D.N.Y. Mar. 28, 2022). Therefore, at the default judgment hearing, Plaintiffs shall be prepared to address whether they are pursuing their claims under sections 195(1) and 195(3) and, if so, why they have standing to bring such claims in this case.

Moreover, with respect to any claims under sections 195(1) and 195(3) of the New York Labor Law, Plaintiffs have failed to provide the Court with a detailed breakdown of how they arrived at those figures sought in the Proposed Default Judgment. Therefore, if Plaintiffs continue to pursue these claims, they should be prepared to address their calculation of the damages they seek.

Finally, Plaintiffs have included in their submission an unsigned declaration for Plaintiff Prempeh-Mann. *See* Bodo Declaration, Exh. J. If they intend to seek damages on Prempeh-Mann's behalf, Plaintiffs should provide the Court with his signed declaration by the end of the day on September 6, 2023. Plaintiffs may also make a written submission on any of the other issues by that same date. Regardless, the Court expects Plaintiffs to address the issues identified above at the upcoming hearing scheduled for September 7, 2023.

SO ORDERED.

Dated: September 5, 2023
    New York, New York

_____
JOHN P. CRONAN
United States District Judge